SMITH, Judge.
Appellant was convicted of first degree murder after a jury trial, and received a life sentence with no possibility of parole for twenty-five years. The sole issue raised on this appeal is whether the evidence adduced below was sufficient to establish that appellant had a premeditated intent to kill. We affirm.
The trial testimony indicated that both appellant and the victim, James Powis, were patients at a mental health facility known as the Lakeview Center, located in Pensacola, on the day of the killing. Although there were no eyewitnesses to the killing, appellant gave a recorded statement to Escambia County sheriffs deputies one hour after the incident, admitting that he stabbed the victim in the upper back. The weapon used was a seven-inch butcher knife taken from the facility’s kitchen area. According to Martha Jones, an employee of the Lakeview Center, appellant entered the kitchen area shortly before attacking the victim and began examining the contents of various utensil drawers. Ms. Jones testified that she asked appellant what he was looking for, but received no response. She further testified that, a few seconds to a minute later, appellant returned to the kitchen, went to a specific drawer containing knives, removed the longest knife, and walked back towards a dayroom where both appellant and the victim had been present that morning. Ms. Jones testified that a few seconds later, she saw the victim stagger out of the dayroom with a knife sticking in his back. To the query of Robert McNeil, a counselor at the Lakeview Center, “what happened,” appellant responded: “I got mad and I did it, I stuck him with a knife.”
Appellant conceded below that he stabbed the victim, but contended that he was insane at the time of the attack. In support of his insanity defense, appellant presented the testimony of Drs. Overlade and Larson. Dr. Overlade diagnosed appellant as a paranoid schizophrenic who suffered from delusional thoughts. In his schizophrenic state, Dr. Overlade testified, appellant would have knowledge of his physical actions — that is, what specifically he was doing — but would not necessarily understand the consequences of his actions. On cross-examination, Dr. Overlade admitted paranoid schizophrenics do not necessarily suffer constantly from delusional perceptions, that he had no knowledge of whether appellant was deluded at the time of the murder, and that schizophrenics are capable of differentiating between right and wrong. Dr. Larson likewise diagnosed appellant as schizophrenic, and concurred with Dr. Overlade that, while appellant would be capable of knowing what he was doing and of knowing right from wrong, appellant would not be rationally aware of the consequences of his actions, since appellant’s paranoid delusions might prevent his stated reasons for acting from making objective sense. The state, on the other hand, presented the testimony of Dr. Og-burn, who testified that appellant was legally sane at the time of the killing, that appellant knew right from wrong, and knew that stabbing the victim might cause the victim’s death.
We agree with the state that the evidence was sufficient to create a jury issue regarding appellant’s premeditated intent to kill. Generally, whether or not the evidence establishes premeditation in a given case is a question of fact for the jury. Preston v. State, 444 So.2d 939, 944 (Fla.1984). Moreover, premeditation can be shown by circumstantial evidence. Teffeteller v. State, 439 So.2d 840 (Fla.1983).
*1125 Examining the evidence below in light of the factors cited by the Florida Supreme Court in Sireci v. State, 399 So.2d 964, 967 (Fla.1981), cert. den., 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982), it appears that competent, substantial evidence supports the jury’s finding of premeditation. For one thing, appellant used a seven-inch butcher knife, a factor which in itself was significant in determining premeditation, as the Florida Supreme Court has recently noted:
Where a person strikes another with a deadly weapon and inflicts a mortal wound, the very act of striking ... with such [a] weapon in such [a] manner is sufficient to warrant a jury in finding that the person striking the blow intended the result which followed.
Buford v. State, 403 So.2d 943, 949 (Fla.1981), cert. den., 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982) (citation omitted). Similarly, the fact that appellant approached the victim from the rear before stabbing him, along with other evidence indicating the nature of the victim’s injuries, was such that the jury could rationally infer that appellant intended the lethal consequences of his act. Thomas v. State, 456 So.2d 454, 457 (Fla.1984); see also Dino v. State, 405 So.2d 213 (Fla. 3d DCA 1981), pet. for rev. den., 413 So.2d 875 (Fla.1982) (defendant walked down hall to bedroom, retrieved .38 caliber gun, silently strode up to victim and shot him from a distance of three inches — evidence sustained jury finding of premeditation). Finally, although appellant stabbed the victim only once, the location of the wound in the back, as well as the force needed to effectuate the stabbing, allows the reasonable inference that appellant intended to kill the victim. Preston v. State, supra. Accordingly, we find that the question of whether the evidence below establishes premeditation was properly left for resolution by the jury, and we affirm the verdict and judgment of guilt as supported by competent, substantial evidence. Rose v. State, 425 So.2d 521 (Fla.1982), cert. den., 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
AFFIRMED.
MILLS and THOMPSON, JJ., concur.